# COMMON PLEAS COURT

## No. 1034

### MODERN WOODMEN v. CAHILL et

Montgomery Common Pleas

Decided June 15, 1926

130. BENEFICIAL ASSOCIATIONS — Where by-laws of a benefit organization provide that beneficiaries may be first cousins; and a change of beneficiaries is made in favor of one whose relationship to insured is not established, such attempt to change beneficiaries without compliance to the by-laws are of no effect and the original beneficiary takes the benefit.

SNEDIKER, J.

The Modern Woodmen of America deposited $1000 with the Montgomery Common Pleas, praying to be allowed to interplead as against the respective claims of Marie Cahill, Luella Woods and Mildred Dillman. Cahill claimed to be entitled to the $1000 under a benefit certificate issued by the Modern Woodmen to Alonzo Dillman, in which she was named as beneficiary.

Woods, the second claimant, asserted her right to the $1000 for the reason that she had been previously named under a benefit certificate issued to Dillman. She further claimed that the certificate naming Cahill as beneficiary is without force and effect. Mildred Dillman makes claim to the fund as the daughter and sole heir at law and next of kin of Dillman, she claiming that the certificates naming the other two claimants are invalid and of no effect.

The Common Pleas Court held:

1. The Cahill certificate designates her as first cousin of Alonzo Dillman. Section 50 of the by-laws of the Modern Woodmen of America provides that "benefit certificate shall be payable only to the wife, surviving children - - - - or other persons related to the member as heir, blood relative (relationship not further removed than cousin in the first degree)".

2. Cahill utterly failed to establish any relationship to Dillman and is therefore disqualified under the by-laws from being named by him as his beneficiary.

It is claimed that Luella Woods having been named beneficiary in a certificate issued prior to the one in which Cahill was named, and which was surrendered, that she (Luella Woods) is entitled to recover under the surrendered certificate; Dillman having been her nephew so as to qualify her as beneficiary.

4. The by-laws of the organization provide that "any attempt to change the payee of the benefits - - - - other than by strict compliance - - - - shall be null and void."

5. The attempt to designate Cahill as beneficiary was "otherwise than by a strict compliance." The act of surrender of the certificate naming Woods was null and void; and being without force and effect, Luella Woods was in no sense deprived of her rights as beneficiary under the first certificate.

6. A beneficiary's rights under an insurance policy are unaffected by a void attempt to substitute beneficiaries. 70 OS. 433.

7. Finding in favor of Woods, the claim of Mildred Dillman is necessarily disposed of.

Entry drawn accordingly.